UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL P. TARAS,

    Plaintiff,

    v.

U.S. ATTORNEYS, ST. LOUIS SECRET
SERVICE EZELL, SPECIAL AGENT ROSS,
FEDERAL GOVERNMENT, and CHIEF JUSTICE
JAMES L. FOREMAN,

    Defendants.

Case No. 12-cv-79-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court for case management purposes. Even though plaintiff Michael Taras has paid the full filing fee, this case is still subject to review pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). Under that authority, a court can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court has reviewed Taras' complaint and its attachments and is unable to detect a claim for relief that is plausible on its face. He refers to a due process violation, kidnaping and assault, but he has not pled enough facts to state facially plausible claims against any of the named defendants. Specifically, he has alleged no conduct attributable to the defendants United

States Attorneys, St. Louis Secret Service Ezell, Special Agent Ross or Chief Justice James L. Foreman.  Furthermore, any conduct of Judge Foreman that might be inferred from Taras' reference to his prior case before Judge Foreman appears to be conduct for which Judge Foreman is entitled to judicial immunity.  *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (*per curiam*).  Finally, the defendant Federal Government is immune from suit under the doctrine of sovereign immunity.  *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

For these reasons, the Court **DISMISSES** Taras' complaint **without prejudice** and with leave to file an amended complaint on or before April 20, 2012.  Should Taras fail to amend his complaint on or before April 20, 2012, the Court will direct the Clerk of Court to dismiss this case with prejudice for failure to state a claim or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Taras is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED:  March 20, 2012**

>                         s/ J. Phil Gilbert
>                         **J. PHIL GILBERT**
>                         **DISTRICT JUDGE**