UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL P. TARAS,

    Plaintiff,

  v.

U.S. ATTORNEY, ST. LOUIS SECRET SERVICE
EZELL, UNITED STATES GOVERNMENT, and
CHIEF JUDGE JAMES L. FOREMAN,

    Defendants.

Case No. 12-cv-79-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court for case management purposes. On March 20, 2012, the Court dismissed plaintiff Michael Taras' complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief that is plausible on its face. It gave Taras time to file an amended complaint, which he has done (Doc. 24). The Court has reviewed Taras' amended complaint and its attachments and is unable to detect a claim for relief that is plausible on its face.

Taras alleges that defendant Ezell entered his house, took a gun from under his bed and later handcuffed him in the street by his car. Taras refers to the right to bear and keep arms, but none of the facts pled plausibly suggest a violation of his Second Amendment rights simply because a gun was seized from him and he was arrested.

Taras also alleges that as the result of a case before the Honorable James L. Foreman, he was placed twice in the United States Medical Center for Federal Prisoners without a trial in violation of his due process rights. Again, Judge Foreman is judicially immune from suit for his official acts of sending Taras to a prison medical facility. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (*per curiam*).

To the extent Taras is suing the United States Government, it is immune from suit under the doctrine of sovereign immunity, as Taras appears to admit in his pleading. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

Taras states that his claims against the U.S. Attorney are too old for him to remember and, indeed, he pleads no facts as to that defendant.

Taras also suggests he was beaten in a holding cell, but he makes no allegations that any of the defendants were personally involved with that event.

The remainder of Taras's amended complaint amounts to a recitation of facts that do not amount to a cause of action.

For these reasons, the Court **DISMISSES** Taras' complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)  **with prejudice** for failure to state a claim.

**IT IS SO ORDERED.**
**DATED:  May 24, 2012**

                                       s/ J. Phil Gilbert
                                       **J. PHIL GILBERT**
                                       **DISTRICT JUDGE**