UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL P. TARAS,

    Plaintiff,

    v.

U.S. ATTORNEY, ST. LOUIS SECRET SERVICE
EZELL, UNITED STATES GOVERNMENT, and
CHIEF JUDGE JAMES L. FOREMAN,

    Defendants.

Case No. 12-cv-79-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Michael P. Taras's motions for reconsideration (Docs. 29, 30 & 31) of the Court's judgment dismissing this case.

The Court construes the first two motions as motions to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) since they were filed within 28 days of entry of judgment. *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir.) (motions filed within Rule 59(e) period construed based on their substance, not their timing or label); *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994) (considering prior version of Fed. R. Civ. P. 59(e) providing ten-day deadline for motion to alter or amend judgment); *U.S. v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992) (same).

Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). It "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been

presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876.  Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

Taras has presented no evidence or argument justifying relief under Rule 59(e). Accordingly, the Court **DENIES** the motions to alter or amend judgment (Docs. 29 & 30).

The Court construes Taras's third motion under Rule 60(b) since it was filed more than 28 days after entry of judgment.  *See Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994) (considering prior version of Fed. R. Civ. P. 59(e) providing ten-day deadline for motion to alter or amend judgment).

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.  *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Bd. of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)).  Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law."  *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief.  *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995).  It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision.  *Russell*, 51 F.3d at 749;  *Rutledge v. U.S.*, 230 F.3d 1041, 1052 (7th Cir. 2000);  *Young*, 161 F.R.D. at 62;  *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (Table).

Taras has not demonstrated any exceptional circumstances that justify relief under any

provision of Rule 60(b).  Accordingly, the Court **DENIES** his motion to vacate the judgment (Doc. 31).

The Court further notes that Taras has peppered the Court with a number of filings which have been docketed as notices (Docs. 32-45) since the termination of this case.  Those documents do not raise matters relevant at this stage of the litigation.  This case is closed and, with few possible exceptions, nothing more should be filed in this case.  The Court **WARNS** Taras that if he improperly files another document in this case, the Court will direct the Clerk of Court to submit all future tendered filings to chambers for Court review.  The Court will then direct the Clerk of Court to return all improper documents to Taras without filing them.

**IT IS SO ORDERED.**
**DATED:  December 27, 2012**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**