UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL P. TARAS,

      Plaintiff,

    v.

U.S. ATTORNEY, ST. LOUIS SECRET SERVICE EZELL, UNITED STATES GOVERNMENT, and CHIEF JUDGE JAMES L. FOREMAN,

      Defendants.

Case No. 12-cv-79-JPG

## MEMORANDUM AND ORDER

      This matter comes before the Court after an abuse of the Court system by plaintiff Michael P. Taras. In an order dated December 27, 2012, the Court noted that Taras had peppered the Court with a number of irrelevant filings which were docketed as notices after the termination of this case (Doc. 47). The Court further warned Taras that if he improperly filed another document in this case, the Court would direct the Clerk of Court to submit all future tendered filings to chambers for Court review and, if the tendered document was not appropriate to be filed, it would direct the Clerk of Court to return it to Taras without filing it. Taras then filed seven more notices (Docs. 48-54), none of which were appropriate filings in this terminated case. Consequently, on April 22, 2013, the Court directed the Clerk of Court to submit for chambers review any future tendered filing received from Taras in this case and warned Taras that if he tendered another inappropriate document in this case, the Court would direct the Clerk of Court to summarily return it to him unfiled.

      Since that order, Taras has submitted four documents dated April 22, April 26, May 1 and May 6, 2013, respectively. These documents are full of gibberish having nothing to do with this judicial proceeding; they are similar in nature to the other notices filed by Taras. The Court

should not have to waste its resources reviewing such nonsensical documents, the Clerk of Court should not have to waste her time docketing them, and the documents themselves should not clutter up the Court's filing system. They constitute an abuse of the Court process. Accordingly, as it warned Taras it would do if he continued his frivolous filings, the Court **DIRECTS** the Clerk of Court to summarily return any filing Taras tenders in this case to him unfiled unless it clearly appears to be a notice of appeal of this order. The Court **FURTHER DIRECTS** the Clerk of Court to return to him the four documents received since the Court's April 22, 2013, order. At the Clerk of Court's discretion, depending on the volume of Taras' submissions, she may chose to return Taras' submissions on at least a monthly basis rather than as soon as they are submitted.

This sanction is narrowly tailored to combat the type of abuse Taras has perpetrated: nonsensical post-judgment filing in this particular case. *See Chapman v. Executive Comm. of U.S. Dist. Court for N. Dist. of Ill.*, 324 F. App'x 500, 502 (7th Cir. 2009). It does not preclude his access to the Court in any broader way and is therefore an appropriate sanction for his specific abuse of the Court process.

**IT IS SO ORDERED.**
**DATED:  May 10, 2013**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**